ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com,
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE CONTRACTING, INC., a California corporation; REYNALDO RIVERA, an individual;  WAISMAN CONSTRUCTION, INC., a California corporation; THE OHIO CASUALTY INSURANCE COMPANY,  a New Hampshire corporation,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. BREACH OF COLLECTIVE BARGAINING AGREEMENT;<br>2. FOR BREACH OF FIDUCIARY DUTY;<br>3. FOR SPECIFIC PERFORMANCE COMPELLING AN AUDIT;<br>4. FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF;<br>5. MONETARY DAMAGES THROUGH ENFORCEMENT OF PAYMENT BONDS;<br><br>[29 U.S.C. §§ 185, 1109, 1132(g)(2) and 1145; 29 U.S.C. § 1132(a)(3); 29 U.S.C. § 185; 28 U.S.C. § 1367(a)] |

Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, ("CLTF") alleges:

## JURISDICTION AND VENUE

1.      This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect monthly fringe benefit contributions due such plans in

-1-

384762.1

accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes, as well as for breach of fiduciary duty to the plans against the employer and its principal. This action will further seek recovery against payment bonds on public works projects for portions of the compensation in the form of contributions owed by employer to its employees payable to the plans, pursuant to State Law.  This Court has jurisdiction over Claims 1 through 4 pursuant to sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  This Court has supplemental jurisdiction over Claim 5 pursuant to 28 U.S.C. § 1367(a) as all claims arise from a common core of transactions, and seek payment of overlapping damages. Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district as the employer's performance and breach took place in this district and the plans are administered in this district.

## **PARTIES**

2.     CLTF is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of, the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; Southern California Partnership for Jobs Trust Fund; San Diego County Laborers' Pension Trust Fund; and San Diego Construction Advancement Trust Fund  (hereinafter referred to collectively as "TRUST FUNDS").  The TRUST FUNDS are express trusts created by written agreement, an

384762.1

employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the TRUST FUNDS' (collectively hereinafter referred to as "Plaintiff") principal places of business are in the County of Los Angeles, State of California.

3.      CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.      Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) fringe benefit contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.      Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4.      Plaintiff is informed and believes and thereon alleges that Defendant, EAGLE CONTRACTING, INC., ("EMPLOYER"), is a California corporation organized and existing under and by virtue of the laws of the State of California and is engaged in business in the State of California with its principal place of business in the City of Bell Gardens, County of Los Angeles, State of California and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

/ / /

384762.1

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant, REYNALDO RIVERA, an individual, ("RIVERA") is and has been at all times mentioned herein, an individual who is engaged in business in the City of Bell Gardens, County of Los Angeles, and is a principal, the Responsible Managing Officer, Chief Financial Officer, and Chief Executive Officer of the EMPLOYER.

6.      Plaintiff is informed and believes and thereon alleges that WAISMAN CONSTRUCTION, INC. ("WAISMAN") is a California corporation organized and existing under and by virtue of the laws of the State of California and is and/or was engaged in business in the State of California with its principal place of business in the City of  Canoga Park, County of Los Angeles, State of California and was the general contractor of EMPLOYER on a public works projects for the Los Angeles Unified School District, ("LAUSD") and at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

7.      Plaintiff is informed and believes and thereupon alleges that Defendant, THE OHIO CASUALTY INSURANCE COMPANY,  ("OHIO CASUALTY") is a New Hampshire corporation, licensed and authorized to perform and transact a surety business in the State of California, with its principal place of business in the City of Keene, State of New Hampshire.

## OTHERS

8.      The Los Angeles Unified School District ("LAUSD") is a public agency as defined in Cal. Civ. Code § 8036.  The LAUSD is not a party to this action.

9.      The Southern California District Council of Laborers and its affiliated Local Unions, (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

10.     The persons listed in the attached Exhibit "1" are or were employees of EMPLOYER who performed work on a project for the LAUSD identified on said

-4-

Exhibit and in the Fifth Claim for relief commencing with paragraph 56, below during the periods indicated therein.  Said persons listed on Exhibit "1" shall be hereinafter referred to as "LABORERS".  Each of the LABORERS is a "laborer" within the meaning of Cal. Civ. Code § 8024.  The LABORERS are not parties to this action.

## **INDIVIDUAL DEFENDANT**

11.     Plaintiff is informed and believes and thereon alleges that at all times material herein, that RIVERA was and/or continues to be a fiduciary and/or party in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Second Claim for Relief.

12.     Plaintiff is informed and believes and thereon alleges that RIVERA us responsible for running the day to day operations of EMPLOYER and is responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that he personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

13.     Plaintiff is informed and believes and thereon alleges that at all times herein, RIVERA is the majority shareholder of EMPLOYER and/or the beneficial owners of EMPLOYER.

14.     Plaintiff is informed and believes and thereon alleges that RIVERA acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER'S dealings and relations with the TRUST FUNDS, and the UNION.

15.     Plaintiff is informed and believes and thereon alleges that RIVERA acted on behalf of EMPLOYER and in the interest of EMPLOYER in determining which employees EMPLOYER would report to the TRUST FUNDS, the number of hours upon which contributions would be reported as owing, and the amount and timing of contributions to be paid to the TRUST FUNDS.

/ / /

/ / /

384762.1

**FIRST CLAIM FOR RELIEF**

**(Against the EMPLOYER for Monetary Damages**

**Due to Employee Benefit Plans)**

16.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, above.

**AGREEMENTS**

17.     EMPLOYER became bound to certain Project Stabilization Agreements ("PSAs") for  work on projects for the Los Angeles Unified School District ("LAUSD"), Los Angeles Community College District ("LACCD") and San Diego Unified School District ("SDUSD"), effective on the dates EMPLOYER commenced work on projects for the LAUSD, LACCD, and SDUSD (collectively "SCHOOL DISTRICTS") covered by the PSAs for each of the SCHOOL DISTRICT. EMPLOYER also became signatory to a Laborers' Asbestos Agreement with the UNION and its affiliated Local Union 300 on or about May 30, 2018 for work on a project known as the "Great Park Western Sector Project" located in the City of Irvine, State of California ("ASBESTOS AGREEMENT".)

18.     Pursuant to the SCHOOL DISTRICT'S PSAs and the ASBESTOS AGREEMENT, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended ("TRUST AGREEMENTS") and became obligated to certain terms and provisions of the UNION'S Master Labor Agreements ("MLA") covering EMPLOYER'S work.  The referenced Agreements will be collectively referred to as "AGREEMENTS".

19.     The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY

CONTRIBUTIONS").  The EMPLOYER is additionally required to submit monthly reports with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those monthly reports are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS.  Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds.  The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

20.    The PSAs obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to become bound to the PSAs for their work on the projects for the SCHOOL DISTRICTS, and the ASBESTOS AGREEMENTS require EMPLOYER to only subcontract work covered by the ASBESTOS AGREEMENT to the Agreements to those subcontractors who are parties to an appropriate Labor Agreement with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit MONTHLY CONTRIBUTIONS, liquidated damages, and interest that would be owed by the subcontractor if signatory to the AGREEMENT.

21.    The ASBESTOS AGREEMENT further provides that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then

384762.1

EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

22. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS or interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

23. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

24. The AGREEMENTS and ERISA provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## **BREACH OF AGREEMENTS**

25. Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the

AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S continuing obligation to submit timely accurate monthly contribution reports additional amounts may be discovered and become due and owing by EMPLOYER have not yet been ascertained at this time.  Said amounts including MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, interest, and audit fees will be established by proof at the trial or other hearing.

26.    All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

### DAMAGES

27.    As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during time periods from March 2016 to December 2019, damages in the sum of at least $232,802.10 consisting of $66,180.71 in unpaid MONTHLY CONTRIBUTIONS, $143,332.70 in liquidated damages, $6,400.00 in audit fees; and $16,888.69 in interest on the late and/or unpaid  MONTHLY CONTRIBUTIONS owed to the TRUST FUNDS through February 26, 2020, plus additional accrued interest thereafter at the plan rate(s), currently 5.25% per annum, until payment of the contribution is made, less a credit of $11,095.86, plus any additional MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest on the additional amounts owed at the plan rate(s), according to proof at the time of trial or other hearing.   The amounts owed by EMPLOYER covering time periods from March 2016 through December 2017 were not discovered until the audit of EMPLOYER'S records was initially completed in April 2018.

/ / /

-9-

384762.1

28.     The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

29.     It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

30.     Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

/ / /

/ / /

384762.1

## SECOND CLAIM FOR RELIEF

**Damages for Breach of Fiduciary Duties in Violation of ERISA**

**(Against EMPLOYER and RIVERA)**

31.    Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 above.

32.    Plaintiff is informed and believes and thereon alleges that RIVERA was and still is a party in interest, the agent, managing officer, director, managing employee, and/or beneficial owner of EMPLOYER with the authority to direct, control, and/or manage the business affairs of EMPLOYER including the disposition of EMPLOYER'S assets.

33.    Plaintiff is informed and believes and thereon allege that EMPLOYER, and RIVERA were and still are fiduciaries with respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the TRUST FUNDS.

34.    The AGREEMENTS require that EMPLOYER deduct MONTHLY CONTRIBUTIONS due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR SOUTHERN CALIFORNIA ("VACATION FUND") from EMPLOYER'S employees' weekly paychecks, in the amounts specified.  Such deductions are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

35.    On "public works" as defined by California Labor Code § 1720, the EMPLOYER was required to pay a minimum "prevailing" or "per diem" wage, including amounts which could either be paid directly on the weekly paycheck to employees, or contributed as "employer payments" (as defined in Labor Code

-11-

§ 1773.1) which includes payments to the TRUST FUNDS.  The EMPLOYER employed workers on such public works for the SCHOOL DISTRICTS covered by the AGREEMENTS, and Plaintiff is informed and thereupon believes that EMPLOYER'S certified payroll records on the SCHOOL DISTRICT'S projects (pursuant to Labor Code § 1776) certified the amounts being paid and withheld from the employees' required prevailing wage, of which the benefit portion was required to be contributed to the TRUST FUNDS in satisfaction of the prevailing wage required law.  The U.S. Department of Labor has taken the position that such amounts are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

36.     Plaintiff is informed and believes that, instead of turning over the portions of the prevailing wage the EMPLOYER deducted from the employees' weekly paychecks earmarked for payment to the TRUST FUNDS, that the EMPLOYER and/or RIVERA kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

37.     Plaintiff is informed and believes that RIVERA is the person responsible for having the certified payroll records prepared and issuing the certified payroll reports to public agencies under Labor Code § 1776, and responsible for the certification that such amounts would be paid to the employees for wages and the benefit portion of those wages to the TRUST FUNDS as part of the prevailing wage obligation.  Plaintiff is further informed and believes that RIVERA had discretionary authority or control over sufficient, segregable funds to pay the amounts certified under penalty of perjury, that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYER.

384762.1

38.     By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically to VACATION FUND as well as the fringe benefit component of prevailing wages on public works, described above, EMPLOYER and RIVERA are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

39.     The amount of the delinquent MONTHLY CONTRIBUTIONS referenced herein above were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664.  The amounts are included in the damages claimed in the First Claim for Relief, and the amounts and will be proven at the time of trial or other hearing, plus interest at the plan rate(s), including any additional amounts that may be discovered to be owed by EMPLOYER and RIVERA.

40.     By failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER and RIVERA breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

41.     Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER and RIVERA constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through § 1106.

42.     Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, F&L MARQUEZ  are personally liable for damages to the TRUST FUNDS, and to make good to the TRUST FUNDS any losses to them resulting from each such breach of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from

384762.1

EMPLOYER and RIVERA of the amount and disposition of these assets.

43.     Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## THIRD CLAIM FOR RELIEF
## OBLIGATION TO PRODUCE RECORDS FOR AUDIT
## (AGAINST EMPLOYER AND RIVERA)

44.     Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 above as if fully set forth here.

45.     Plaintiff's claim herein is for specific performance of the AGREEMENTS.

46.     Pursuant to the AGREEMENTS and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees who perform work covered under the AGREEMENTS, and whether they have otherwise abided by the payment obligations of the AGREEMENTS.  The AGREEMENTS further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

47.     Plaintiff has requested access to EMPLOYER'S payroll and business records for the purpose of conducting an audit; however, EMPLOYER has failed and/or refused to allow the TRUST FUNDS an audit of its payroll and business records. Plaintiff seeks an audit of EMPLOYER'S records on all projects from January 2018 to the date of the audit.

48.     The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER refuses to comply with the production of its payroll and business records for an audit.  Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with its obligation under the AGREEMENTS and ERISA to fully produce its books and records in order for Plaintiff to complete an audit to determine if additional amounts are due.

49.     Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent contributions found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs as provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

## FOURTH CLAIM FOR RELIEF
### FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF
### (AGAINST EMPLOYER AND RIVERA)

50.     Plaintiff repeats, realleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 49, inclusive as though fully set forth herein.

51.     As part of its obligations under the AGREEMENTS, EMPLOYER is required to submit monthly reports to the TRUST FUNDS indicating the names, social security numbers and number of hours worked by each laborer it employed. EMPLOYER is required to pay to the TRUST FUNDS, at the time the report is submitted, an amount equal to the total number of laborers hours worked (or paid for), multiplied by the applicable MONTHLY CONTRIBUTION rates.

52.     EMPLOYER has failed to comply with the provisions of the AGREEMENTS as follows:  during time periods from March 2016 to December 2019,

384762.1

EMPLOYER failed to timely submit its monthly contribution reports with full payment of the amounts owed as required by the AGREEMENTS, and the audits of EMPLOYER'S records covering time periods from March 2015 to December 31, 2017 disclosed substantial hours worked by employees which were required to be reported with MONTHLY CONTRIBUTIONS paid to the TRUST FUNDS for those hours worked and but for the audits of the EMPLOYER'S records the MONTHLY CONTRIBUTIONS owed would not have been discovered by the TRUST FUNDS.

53.     By reason of the actions by EMPLOYER and RIVERA, the TRUST FUNDS have suffered and will continue to suffer extreme hardship and actual and impending irreparable injury and damage in that employee beneficiaries of the TRUST FUNDS acquire eligibility for health and welfare benefits and pension benefits by tabulating the number of hours reported by EMPLOYER and all contributing employers during each monthly period.  The funds necessary to pay all anticipated health and welfare claims and pension claims based upon the number of hours reported to the TRUST FUNDS on behalf of individual employees.  In addition, the amount of benefits payable to all employees for health and welfare and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers. The failure to time submit monthly report forms from EMPLOYER without the required payments necessarily contributes to the total potential liability of the TRUST FUNDS for health and welfare and pension claims without the TRUST FUNDS being able to readjust or recompute benefit levels based upon EMPLOYER'S failure to pay MONTHLY CONTRIBUTIONS on a monthly basis.  Further, EMPLOYER'S failure to timely pay MONTHLY CONTRIBUTIONS causes substantial expense to the TRUST FUNDS in processing late reports without funds,  processing late paid reports, adjusting employee credits and in seeking payment from EMPLOYER and/or from third parties and projects for payment.

54.     Sections 502(a)(3) and 502(g)(2)(E) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), specifically authorizes this Court to enter injunctive relief for such

384762.1

violations of the plan and ERISA.  Injunctive relief is appropriate here to require the EMPLOYER to fulfill its obligations under the AGREEMENTS and ERISA.

55.     It has been necessary for Plaintiff to engage counsel to bring this action to compel compliance with the AGREEMENTS provide that in the event litigation is necessary with respect to any of the MONTHLY CONTRIBUTIONS and/or damages, EMPLOYER would pay reasonable attorneys' fees and all other reasonable expenses of collection, including audit fees.

## FIFTH CLAIM FOR RELIEF
### ENFORCEMENT OF PAYMENT BOND
### (Against WAISMAN AND OHIO CASUALTY, INCLUSIVE)

56.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 above.

57.     Plaintiff is informed and believes and thereupon alleges that the LAUSD entered into contracts with WAISMAN for the construction or repair upon works of improvement for the LAUSD on the project known as "Utilities for Critical Repair Project and Interim Housing for Critical Repair Project" at Kenter Canyon Elementary School ("PROJECT").  WAISMAN in turn subcontracted a portion of the work of improvement on the PROJECT to EMPLOYER.

58.     Pursuant to those contract(s) and subcontract(s), LABORERS performed actual labor in the construction of the works of improvement upon the PROJECT described herein above, expending numerous hours for which EMPLOYER promised and agreed to pay wages and MONTHLY CONTRIBUTIONS to and on behalf of its employees, including LABORERS listed on Exhibit "1", for work performed on the PROJECT.

59.     The PROJECT is a "public works" as defined in Cal. Labor Code § 1720 and work performed on it is performed pursuant to a "public works contract" as defined

in Cal. Civ. Code § 8038.  Pursuant to Cal. Labor Code § 1771, the "general prevailing rate of per diem wages" must be paid to all workers employed on the PROJECT.  The work of the LABORERS of EMPLOYER on the PROJECT is covered by the EMPLOYER'S AGREEMENTS described above.

## LABOR PERFORMED ON PUBLIC PROJECT;
## UNPAID COMPENSATION

60.     EMPLOYER employed the LABORERS on the PROJECT, subject to the terms and conditions of the LAUSD PSA, the TRUST AGREEMENTS and MLA on the LAUSD PROJECT, including the requirement of MONTHLY CONTRIBUTIONS as part of their total compensation.

61.     LABORERS' work on the PROJECT was necessary for the construction, alteration or repair of buildings, improvements or structures upon the PROJECT and that work was performed at the instance and request of the EMPLOYER, WAISMAN and/or the LAUSD.

62.     EMPLOYER failed to remit all MONTHLY CONTRIBUTIONS due by it to the TRUST FUNDS for all work covered under the AGREEMENTS performed by the LABORERS, in addition to travel time to and from the PROJECT and to EMPLOYER'S place of business which is part of their compensation for work performed on the PROJECT if said LABORERS were required to report to EMPLOYER'S place of business prior to traveling to the site of said PROJECT.

63.     Plaintiff is authorized to proceed with a claim on the PROJECT pursuant to Civ. Code §§ 8024 and 9100 on behalf of the TRUST FUNDS and LABORERS, as having standing under applicable law to maintain a direct action for the MONTHLY CONTRIBUTIONS.  As a "laborer" defined in Civil Code § 8024, Plaintiff, the TRUST FUNDS and LABORERS are not subject to the requirement to give a preliminary 20-day notice under Civ. Code § 9300.

64.     Pursuant to Cal. Civ. Code § 9550, a labor and material payment bond was

384762.1

obtained by WAISMAN on the PROJECT and was issued by OHIO CASUALTY as bond number 024070223  as well as any other labor and material payment bond on the PROJECT ("PAYMENT BOND") naming WAISMAN as the principal and the LAUSD as the obligee.

65.    The LABORERS listed on Exhibit "1" are persons described in Cal. Civ. Code §§ 8024 and 9100 to whom the PAYMENT BOND issued by OHIO CASUALTY inure to the benefit of, as required by Cal. Civ. Code § 9554(c).  The TRUST FUNDS are entitled to seek that portion of the compensation of the LABORERS to be paid in the form of MONTHLY CONTRIBUTIONS on the PAYMENT BOND, and thus, persons described in Cal. Civ. Code §§ 8024 and 9100, to whom the PAYMENT BOND inure to the benefit of, as required by Cal. Civ. Code § 9554(c).

66.    Although Plaintiff and the TRUST FUNDS are not required to file a preliminary notice, on or about July 19, 2019, as well as on other dates, Plaintiff sent claim letters to OHIO CASUALTY relating to work performed by the LABORERS listed on Exhibit "1" and amounts covering time periods from June 2017 through October 2017.

67.    The claim by the Plaintiff on the PROJECT and against the PAYMENT BOND totals $5,345.20 in the benefit portion of the compensation in the form of fringe benefit contributions owed to the TRUST FUNDS on behalf of the LABORERS, plus interest in the sum of $998.56, plus additional accrued interest after February 17, 2020 at the TRUST FUNDS' plan rate(s) currently 5.25% per annum.

68.    Plaintiff brings this action to enforce the claim against OHIO CASUALTY on the PAYMENT BOND pursuant to Cal. Civ. Code §§ 8024, 9100, 9558.

69.    Pursuant to Cal. Civ. Code §§ 9554 and 9564, Plaintiff is entitled to attorney's fees and costs in bringing this action to recover their claim against the PAYMENT BOND.  In addition, Plaintiff is entitled to recover 30 days extra compensation, at the contribution rates for LABORERS on the PROJECT as a penalty under Cal. Labor Code § 203.5.

384762.1

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF**

1.      For the sum of $66,180.71, or according to proof, for delinquent fringe benefit MONTHLY CONTRIBUTIONS pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(A);

2.      Interest on the delinquent MONTHLY CONTRIBUTIONS, in the amount of $16,888.69 through February 26. 2020 plus additional accrued interest at the plan rate(s) and subject to proof, as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B),

3.      For liquidated damages in the sum of $143,332.70, or as subject to proof, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.      For $232,802.10 based upon the above less a credit of $11,095.86 for a total claim of $221,706.24 plus additional amounts for MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest at the plan rate(s) according to proof at the time of trial or other hearing.

5.      For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(D);

6.      For Plaintiff's costs of audit in the sum of $6,400.00 and subject to proof, in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(E);

7.      For such other and further relief as the Court deems proper.

**FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF**

1.      For unpaid MONTHLY CONTRIBUTIONS, interest at the plan rate(s) and damages according to proof, owed by EMPLOYER and an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by EMPLOYER and/or RIVERA therefrom;

2.      For personal liability of EMPLOYER and RIVERA for their breaches of

384762.1

fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

3.      For reasonable attorneys' fees and costs of suit pursuant to the 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

4.      For such other and further relief as the Court deems proper and just, pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

## FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF

1.      For the issuance of injunctive relief pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering the EMPLOYER and its managing officers, managing employees, including RIVERA, agents and successors, as well as all those in active concert or participation with any one or more of them, to submit to an audit of the EMPLOYER's records from January 2018, and  to fully cooperate with Plaintiff with respect to the audit in order for Plaintiff to determine the total amount due to the TRUST FUNDS by the EMPLOYER, and, specifically, to produce to Plaintiff the following payroll and business records – and any other records determined by Plaintiff to be necessary to conduct a full audit – for inspection, examination and copying:

      1.1.   All of the EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and the employees of the EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for the

EMPLOYER, its subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which the EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

1.2.  All of the EMPLOYER's job files for each contract, project or job on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between the EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of the EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

1.3.  All of the EMPLOYER's records related to cash receipts, including but not limited to the EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which the EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier

-22-

384762.1

subcontractors performed work;

1.4.   All of the EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

1.5.   All of the EMPLOYER's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

1.6.   All collective bargaining agreements between the EMPLOYER and any trade union, and all records of contributions by the EMPLOYER to any trade union trust fund; and

2.   For reasonable attorneys' fees and costs of suit, as required by the Agreements and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

3.   For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

## FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF

1.   That this Court issue the following preliminary and permanent prohibitory and mandatory injunctions against EMPLOYER, and its managing officers, including RIVERA, its agents, managing employees, successors, assigns, and all those in active concert or participation with EMPLOYER:

1.1.   That EMPLOYER be ordered to deliver the following, or cause to be delivered, to the TRUST FUNDS' offices no later than 4:30 p.m., on the 20th day of each month for the duration of the AGREEMENTS:

1.2.   A complete, truthful and accurate "Employers Monthly Report to Trustees" covering all employees which EMPLOYER employed who were covered by the AGREEMENTS commencing with

-23-

384762.1

EMPLOYER'S April 2020 report;

1.3.  An affidavit or declaration from a responsible officer of EMPLOYER and/or RIVERA attesting from his or her own personal knowledge under pain of perjury to the completeness, truthfulness and accuracy of the Employers Monthly Report to the Trustees; and

1.4.  A cashier's check made payable to the Construction Laborers Trust Funds for Southern California for the full amount of the MONTHLY CONTRIBUTIONS due on Employers Monthly Reports for each account for which a report is to be submitted.

2.  For reasonable attorney's fees;

3.  For costs of suit herein; and

4.  For such other and further relief as the Court deems proper and just.

## FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF

1.  For recovery against WAISMAN and OHIO CASUALTY on the PAYMENT BOND on the PROJECT pursuant to Cal. Civ. Code §§ 9550, 9554 & 9564; Cal. Civ. Proc. Code §§ 996.410, 996.430 and 996.440;

2.  For the sum of $5,345.20 in unpaid compensation in the form of MONTHLY CONTRIBUTIONS and $998.56 in interest guaranteed by the PAYMENT BOND  plus additional accrued interested after February 17, 2020 pursuant to Cal. Labor Code § 218.6, Cal. Civ. Code § 3287 or the TRUST FUNDS' plan rate(s), whichever is greater, plus any additional amounts and accrued interest that may be determined at the time of trial or other hearing;

3.  For reasonable attorney fees and costs, pursuant to including California Labor Code § 218.5 and Civil Code §§ 9554(b), 9564(c) and 8154. from the PAYMENT BOND on each of the PROJECT;

4.  For 30 days extra compensation, at the contribution rates for LABORERS on each of the PROJECT as a penalty under Cal. Labor Code § 203.5; and

-24-

5.      For such other and further relief that the Court deems just and proper.

DATED:  April 28, 2020                  REICH, ADELL & CVITAN
                                        A Professional Law Corporation


                                        By: /s/ Marsha M.  Hamasaki
                                            MARSHA M. HAMASAKI
                                            Attorneys for Plaintiff

384762.1

-25-

**EXHIBIT "1"**

Date: 02/17/2020

**Eagle Contracting, Inc.**
**# 116030**

**JOB BREAKDOWN**

Prime:

**Job Location:** # 770

Kenter Canyon Elementary School
645 N. KENTER AVE
LOS ANGELES, CA 90049
**Prime Bill #:** PB20200217001

| Name | SSN | Payroll Period End | Hours Worked | Fringe Benefit Rate | Fringes Due | LDs Due | Interest Due | Total Due | Reference # |
|------|-----|------|------|------|------|------|------|------|------|
| HERRERA, LUIS | xxx-xx-4445 | 07/02/17 | 8.00 | 19.09 | 152.72 | | | | 1 Waisman Construction |
| SANCHEZ, VICTOR | xxx-xx-8271 | 06/18/17 | 40.00 | 19.09 | 763.60 | | | | 4 Waisman Construction |
| SANCHEZ, VICTOR | xxx-xx-8271 | 06/25/17 | 40.00 | 19.09 | 763.60 | | | | 5 Waisman Construction |
| SANCHEZ, VICTOR | xxx-xx-8271 | 07/02/17 | 48.00 | 19.09 | 916.32 | | | | 6 Waisman Construction |
| THRONHILL, JOSEPH | xxx-xx-4574 | 06/25/17 | 32.00 | 19.09 | 610.88 | | | | 7 Waisman Construction |
| | | **Jun-17 Total:** | **168.00** | | **3,207.12** | **641.42** | **612.89** | **4,461.43** | |
| | | Interest at | 6.75% at $0.5933 per day thru | 12/13/17 | ( 142 Days ) | | | | |
| | | Interest at | 7.00% at $0.6158 per day thru | 03/21/18 | ( 98 Days ) | | | | |
| | | Interest at | 7.25% at $0.6382 per day thru | 06/13/18 | ( 84 Days ) | | | | |
| | | Interest at | 7.50% at $0.6575 per day thru | 09/26/18 | ( 105 Days ) | | | | |
| | | Interest at | 7.75% at $0.6799 per day thru | 12/19/18 | ( 84 Days ) | | | | |
| | | Interest at | 8.00% at $0.7024 per day thru | 07/31/19 | ( 224 Days ) | | | | |
| | | Interest at | 7.75% at $0.6799 per day thru | 09/18/19 | ( 49 Days ) | | | | |
| | | Interest at | 7.50% at $0.6575 per day thru | 10/30/19 | ( 42 Days ) | | | | |
| | | Interest at | 7.25% at $0.6350 per day thru | 02/17/20 | ( 110 Days ) | | | | |
| SANCHEZ, VICTOR | xxx-xx-8271 | 07/23/17 | 32.00 | 19.09 | 610.88 | | | | 11 Waisman Construction |
| TORRES, JAIME | xxx-xx-2456 | 07/16/17 | 40.00 | 19.09 | 763.60 | | | | 12 Waisman Construction |
| | | **Jul-17 Total:** | **72.00** | | **1,374.48** | **274.90** | **255.21** | **1,904.59** | |
| | | Interest at | 6.75% at $0.2543 per day thru | 12/13/17 | ( 113 Days ) | | | | |
| | | Interest at | 7.00% at $0.2639 per day thru | 03/21/18 | ( 98 Days ) | | | | |
| | | Interest at | 7.25% at $0.2735 per day thru | 06/13/18 | ( 84 Days ) | | | | |
| | | Interest at | 7.50% at $0.2818 per day thru | 09/26/18 | ( 105 Days ) | | | | |
| | | Interest at | 7.75% at $0.2914 per day thru | 12/19/18 | ( 84 Days ) | | | | |
| | | Interest at | 8.00% at $0.3010 per day thru | 07/31/19 | ( 224 Days ) | | | | |
| | | Interest at | 7.75% at $0.2914 per day thru | 09/18/19 | ( 49 Days ) | | | | |
| | | Interest at | 7.50% at $0.2818 per day thru | 10/30/19 | ( 42 Days ) | | | | |
| | | Interest at | 7.25% at $0.2721 per day thru | 02/17/20 | ( 110 Days ) | | | | |
| VILLAGRANA, SAUL | xxx-xx-6967 | 09/24/17 | 16.00 | 19.09 | 305.44 | | | | 13 Waisman Construction |
| | | **Sep-17 Total:** | **16.00** | | **305.44** | **61.11** | **53.03** | **419.58** | |
| | | Interest at | 6.75% at $0.0562 per day thru | 12/13/17 | ( 51 Days ) | | | | |
| | | Interest at | 7.00% at $0.0584 per day thru | 03/21/18 | ( 98 Days ) | | | | |
| | | Interest at | 7.25% at $0.0605 per day thru | 06/13/18 | ( 84 Days ) | | | | |
| | | Interest at | 7.50% at $0.0623 per day thru | 09/26/18 | ( 105 Days ) | | | | |
| | | Interest at | 7.75% at $0.0646 per day thru | 12/19/18 | ( 84 Days ) | | | | |
| | | Interest at | 8.00% at $0.0668 per day thru | 07/31/19 | ( 224 Days ) | | | | |
| | | Interest at | 7.75% at $0.0646 per day thru | 09/18/19 | ( 49 Days ) | | | | |
| | | Interest at | 7.50% at $0.0625 per day thru | 10/30/19 | ( 42 Days ) | | | | |
| | | Interest at | 7.25% at $0.0599 per day thru | 02/17/20 | ( 110 Days ) | | | | |
| Cisneros Murillo, Arturo | xxx-xx-9534 | 10/15/17 | 8.00 | 19.09 | 152.72 | | | | 14 Waisman Construction |
| Cisneros Murillo, Arturo | xxx-xx-9534 | 10/22/17 | 8.00 | 19.09 | 152.72 | | | | 15 Waisman Construction |
| VILLAGRANA, SAUL | xxx-xx-6967 | 10/29/17 | 8.00 | 19.09 | 152.72 | | | | 16 Waisman Construction |
| | | **Oct-17 Total:** | **24.00** | | **458.16** | **91.61** | **77.43** | **627.20** | |
| | | Interest at | 6.75% at $0.0848 per day thru | 12/13/17 | ( 21 Days ) | | | | |
| | | Interest at | 7.00% at $0.0880 per day thru | 03/21/18 | ( 98 Days ) | | | | |
| | | Interest at | 7.25% at $0.0912 per day thru | 06/13/18 | ( 84 Days ) | | | | |

Exhibit "1", Page 26

Interest at   7.50% at  $0.0939  per day thru  09/26/18   ( 105 Days )
Interest at   7.75% at  $0.0971  per day thru  12/19/18   ( 84 Days )
Interest at   8.00% at  $0.1003  per day thru  07/31/19   ( 224 Days )
Interest at   7.75% at  $0.0971  per day thru  09/18/19   ( 49 Days )
Interest at   7.50% at  $0.0939  per day thru  10/30/19   ( 42 Days )
Interest at   7.25% at  $0.0903  per day thru  02/17/20   ( 110 Days )


Project Total:       280.00              5,345.20    1,069.04    998.56    7,412.80